## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Damion Edric Phillips

March 24, 1998

Case No. (Criminal) 11173

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the motion of the defendant, Damion Edric Phillips, to suppress the evidence discovered upon the search of a book bag seized by a deputy sheriff during an incident that led to the defendant's being charged with possession with intent to distribute more than one-half ounce but not more than five pounds of marijuana.

For the reasons hereinafter set forth, the motion to suppress is denied.

### Facts

At approximately 2:00 a.m. on September 28, 1997, Deputy Martin of the Loudoun County Sheriff's Department was dispatched to a loud noise complaint in a parking lot behind some townhomes on East Maple Avenue in Sterling.

When Martin arrived, he found a vehicle not pulled completely into a parking space and a group of six to eight people behind the vehicle. Martin stopped his marked vehicle about twenty to twenty-five feet behind the other vehicle. He activated the spotlight and high beam of his vehicle, but he did not turn on its emergency lights. He saw some empty cans and glasses under the vehicle which he felt contained alcohol. When he got out of his vehicle, he smelled alcohol.

The individuals in the group stood up as Martin approached them. The defendant, Damion Phillips, was in the group. Martin saw the defendant grab a Food Lion shopping bag and place it next to a black book bag. Martin saw a six pack holder of "Mickie's Ale" (an alcoholic drink) in the Food Lion bag.

In response to Martin's question, the defendant stated that the Food Lion bag and its contents were his. Martin then asked the defendant his age, and the defendant said he was nineteen. Martin asked for identification from the defendant. He said he had none. Martin then asked the defendant to accompany him to his vehicle and to bring the Food Lion bag with him. The defendant complied.

While the defendant was answering Martin's questions at this vehicle, Deputy Seuss arrived in his vehicle. Martin asked Seuss to ascertain who owned the vehicle not parked completely in the parking space. Seuss did ascertain the owner, and he secured the owner's permission to search the vehicle.

At some point while at Martin's vehicle, Martin advised the defendant that he was going to charge him with underage possession of alcohol.

During the search, Seuss located alcohol in the trunk of the vehicle and removed it. As he was doing so, he looked to his left and saw the black book bag. It was located about four to five feet from the group. The defendant was still talking to Martin at his vehicle approximately twenty to twenty-five feet away from Seuss.

Seuss asked the group twice if any of the group owned the book bag. No one in the group claimed ownership. Seuss then picked up the book bag and asked the group again. No one said it belonged to him.

Seuss opened the front pouch of the book bag and found a clear plastic sandwich bag containing a small amount of green leafy substance. He also found an identification card in the name of Damion Phillips.

The defendant was proceeding with Martin toward the group when Seuss removed the clear plastic bag and ID card from the book bag. Seuss looked at the photo on the ID card. He held up the book bag and ID card for the defendant to see and then asked the defendant if the bag was his. The defendant said "yes." Then the defendant charged Seuss. The defendant was subdued by Seuss and another deputy who was also on the scene.

Seuss then opened the larger part of the book bag. In it, he found a larger clear plastic bag, scales, and smaller sandwich bags. These items were seized.

The defendant never consented to a search of the book bag.

The defendant was placed in a police vehicle and transported to the jail. He was advised of his *Miranda* rights at the jail by a narcotics investigator. The defendant stated that he understood his rights. He agreed to talk to the investigator and made several incriminating statements to the investigator.

The defendant was charged with possession with intent to distribute marijuana as stated above.

*Legal Analysis*

The defendant argues that Seuss had no right to seize and search the book bag because (1) there was no probable cause to search the bag and (2) the defendant never consented to the search of it. I do not agree with his argument even if the knowledge of Deputy Martin is imputed to Deputy Seuss.

Even if Seuss were somehow obligated to have asked the defendant if the book bag was his as Seuss asked the other individuals near the bag because (by knowledge imputed from Martin) the defendant had been seen placing the Food Lion bag near the book bag, I find that the defendant abandoned the book bag when he left it to go to Martin's vehicle twenty to twenty-five feet away. The defendant was not under arrest when he proceeded to Martin's vehicle. He went voluntarily. He never told Martin that the book bag was his. He never told anyone else to watch it while he talked to Martin. The officers could reasonably have believed that the book bag belonged to another member of the group. This is no different than the suspect who throws away contraband upon being encountered by a police officer. Further, under the circumstances, Martin had no reason to believe that the book bag belonged to the defendant just because he placed the Food Lion bag next to it when there were six to eight other people in the vicinity.

*Order*

The Clerk will prepare an order denying the motion to suppress for the reasons stated herein. All exceptions of the defendant are duly noted.